UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
REGINA CANELA,

                    Plaintiff,

     -against-

JETBLUE AIRWAYS
CORPORATION,

                    Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 22-CV-0004-FB-RER

*Appearances:*
| *For the Plaintiff:* | *For the Defendant:* |
|---|---|
| ANTONIO MARANO | MICHAEL MARAGOUDAKIS |
| Dell & Dean, PLLC | Martinez & Ritorto, P.C. |
| 1225 Franklin Avenue, Suite 450 | 30 Wall Street, Eighth Floor |
| Garden City, New York 11530 | New York, New York 10005 |

**BLOCK, Senior District Judge:**

Regina Canela was injured on September 15, 2018, while boarding a flight from New York to the Dominican Republic. She filed suit against the operator of the flight, JetBlue Airways Corporation ("JetBlue"), in state court on September 9, 2021.

JetBlue removed on the ground that Canela's claim was completely preempted by the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, *reprinted in* S. Treaty Doc. 106-45 (2000), more commonly known as the Montreal Convention. It now moves for summary

1

judgment pursuant to Federal Rule of Civil Procedure 56 on the ground that suit was filed outside the Montreal Convention's two-year limitations period.

Canela argues that her claim is not preempted by the Montreal Convention because it did not involve an "accident."[1]  That argument is foreclosed by *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155 (1999), in which the Supreme Court held that, with respect to international air travel, "recovery for a personal injury suffered on board an aircraft or in the course of any of the operations of embarking or disembarking, if not allowed under the Convention, is not available at all."  *Id*. at 161 (internal quotation marks, alteration, and citation omitted).  In so holding, the Court concluded that the existence of an "accident" was necessary for liability under the Convention, but irrelevant to its preemptive effect.  Thus, it held that the plaintiff's state-law claim was preempted, even though it was undisputed

---

[1] Canela asks the Court "to preserve the Plaintiff's entitlement to move this Court to remand this action to the State Court of New York for the County of Queens upon denial of the Defendant's motion."  Pl.'s Mem. of Law at 12.  Since the Court cannot address JetBlue's motion unless it has jurisdiction, it construes Canela's request as a motion to remand.

Over eleven years ago, the Court held that the Montreal Convention completely preempts state law and, therefore, confers federal-question jurisdiction. *See Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 387 (E.D.N.Y. 2012). At the time, "neither the Supreme Court nor the Second Circuit [had] spoken on whether the Montreal Convention completely preempts state law claims," *id.*, and they still have not done so.  Therefore, the Court adheres to its previous holding and denies Canela's motion to remand.

that the claim did not arise from an accident.  *See id*. at 166; *see also King v. Am. Airlines, Inc.*, 284 F.3d 352, 360 (2d Cir. 2002) ("We need not decide today whether racial discrimination would fall within the definition of accident, however, because *Tseng* instructs that a claim for an injury to a passenger is preempted . . . as long as the harm was sustained 'in the course of any of the operations of embarking' on an [international flight].").[2]

It is undisputed that Candela's injury occurred when her foot wedged between the aircraft and the ramp leading to it.  By her own admission, this happened while she "was attempting to board the subject aircraft," Pl's. Mem. of Law at 2, and clearly involved the process of embarking.  *See King*, 284 F.3d at 359 (noting that relevant factors include "the imminence of actual boarding" and "the physical proximity of the passengers to the gate").  Therefore, even if her rather tenuous argument that her injury did not arise from an "accident" were correct, her claim must still "be brought under the terms of the [Montreal]

---

[2] *Tseng* addressed the preemptive effect of the Montreal Convention's predecessor, the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000 (1934), more commonly known as the Warsaw Convention.  As the Supreme Court noted, however, "[t]he exclusivity question before us has been settled prospectively in a Warsaw Convention protocol (Montreal Protocol No. 4) recently ratified by the Senate." 525 U.S. at 160 (citing S. Exec. Rep. 105-20 (1998)).  The language of that protocol was carried forward verbatim in the Montreal Convention.  *Compare* Montreal Protocol No. 4, art. VIII *with* Montreal Convention, art. 29.

Convention or not at all." *Id.* at 360.  As her claim was not brought within the Convention's two-year limitations period, it is untimely.

Accordingly, JetBlue's motion for summary judgment is granted and the complaint is dismissed.

**SO ORDERED.**


_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 7, 2023